## Mary J. Bole, Administratrix, Appellee, v. Milton L. Thackaberry, Appellant.

### Gen. No. 15,023.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed April 18, 1910.

W. B. MOAK, for appellant.

JOSEPH CUMMINS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment against appellant upon two promissory notes. The notes are dated October 22, 1897. The first of them is for $500, payable to the order of B. F. Bole on or before one year from its date, with interest at five per cent per annum. The second note of the same date to the same payee is for $572.56, payable on or before eighteen months after its date, with interest also at five per cent per annum.

The defense was set up by special plea to the effect that December 23, 1895, before making the notes, the payee, B. F. Bole, now deceased, agreed to sell defendant for $1450 and to convey in fee simple certain described real estate; that this real estate had been sold to Bole at a foreclosure sale and the conveyance was to be made when Bole acquired a deed to the land, after the expiration of the statutory period of redemption; that neither Bole nor any one in his behalf has conveyed said premises to defendant; that the certificate of sale to Bole is in the possession of the plaintiff as administratrix; that Bole never had title

except as evidenced by such certificate of sale, never delivered any instrument of conveyance to defendant, and that such conveyance was the sole consideration of the notes. The cause was submitted to the court, a jury having been waived.

It is stipulated in substance that on November 1, 1895, there was a foreclosure sale of the said real estate by a master in chancery to the complainant in that foreclosure proceeding—one Payson—upon a debt for $6,000 and interest, amounting in all to $6947, secured by a prior and first mortgage or trust deed, and that a deed on the master's certificate of sale was issued to the same complainant at the expiration of the time of redemption, February 14, 1897. The defendant in that foreclosure suit and maker of the note and trust deed foreclosed was one Oscar J. Nelson. It appears also that B. F. Bole, the payee in the notes now in controversy, brought foreclosure proceedings upon a note to him by said Nelson endorsed by defendant, Thackaberry, secured by a second trust deed upon the same real estate, and that December 23, 1895, a master's certificate of sale issued to said Bole, the amount of the debt to him being $1438.08. The certificate of sale referred to in the defendant's special plea was issued therefore on the foreclosure of a second encumbrance upon the property it described, and nearly two months after the sale of the same land on foreclosure of a prior encumbrance upon which a deed was issued after the expiration of redemption period to the holder of the first encumbrance, February 14, 1897. The notes now in controversy were executed and delivered to the payee Bole by the defendant October 22, 1897, over eight months after the title had passed to the holder of the first encumbrance and after any interest of Bole under this master's certificate of sale to him in the foreclosure of the second encumbrance had been cut off. The claim of the defendant is therefore that the consideration for the notes in controversy was the delivery to be made

to him of a deed conveying Bole's interest in land in which Bole had ceased to have any interest whatever, as defendant then knew.

It appears from the record that defendant Thackaberry was endorser on the note for $1200 made by said Nelson secured by the second encumbrance, and that as such endorser he agreed to at least one extension of that note. The amount due Bole on Nelson's note endorsed by defendant Thackaberry at the time of that foreclosure sale was $1438.08, including apparently costs and solicitor's fees. On March 10, 1897, defendant paid Bole $250 by check of that date. This amount added to the costs of $65.91, a solicitor's fee of $50 and the principal sums of the two notes in controversy, amounts to $1437.91, which is so near the $1438.08 due Bole from Nelson and from defendant as endorser at the time of the foreclosure sale as to indicate quite clearly the actual consideration of the notes now in question.

It is claimed by defendant that there was a memorandum of agreement made between himself and the deceased Bole on or about the 10th of March, 1897. There is no competent evidence of the existence of any such agreement. The defendant's testimony as to alleged conversations between himself and the deceased was not admissible, and although permitted to be heard pending objection, was apparently disregarded by the trial court. Oscar J. Nelson, the maker of the notes secured by the trust deeds foreclosed, was called as a witness in behalf of the defendant. He testified that he was present in defendant's office when Bole, since deceased, came in and asked defendant in substance how he was to get his money, and that defendant answered, "Now you bring me here the deed of the property. I will give you the notes for that money," referring as he states to the second encumbrance. It seems however that defendant did give the notes and did not get the deed. It is improbable at least, if we are to believe a value-

less deed was the consideration, that defendant, a lawyer presumably capable of protecting his own interests, would have parted with the notes until he got the deed. The evidence tends clearly to show that the real consideration of the notes in controversy was the indebtedness of defendant to Bole on his endorsement of the note given for the loan made by Bole to Nelson secured by the latter's note and a second trust deed upon the land referred to. There is evidence tending to show that defendant controlled the foreclosure proceedings for his client Bole, that although an endorser on the note secured by the trust deed he was foreclosing he was not himself made a party defendant, whether with or without Bole's knowledge, does not appear, and that the notes he seeks to repudiate now that Bole is dead, were given to evidence the unpaid debt for which, had the foreclosure proceedings been conducted by an uninterested lawyer, it is probable a judgment would have been entered against defendant in that foreclosure suit.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*